Argued September 6, affirmed November 15, 1973

# THE OREGON BANK, *Respondent, v.* HENDRICKSEN ET AL, *Appellants.*

515 P2d 1328

*Keith Rodman,* Eugene, argued the cause and filed briefs for appellants.

*David N. Hobson,* Portland, argued the cause for respondent. With him on the brief were Phillips, Coughlin, Buell, Stoloff & Black, Portland.

O'CONNELL, C. J.

This is a suit by a trustee of an inter vivos trust to establish the rate of compensation for its services, or in the event compensation is not allowed that a decree be entered permitting plaintiff to resign as trustee. The trial court granted the relief sought and defendants appeal.

Plaintiff is the trustee of an inter vivos trust of which defendants are the beneficiaries. The trust instrument contained the following provision for the compensation of the trustee:

Article V (2) "The Trustee shall receive in full for its services hereunder an annual compensation in the amount of $112.50; that in the event the Grantor places additional property or securities hereunder, either by conveyance, assignment or by the terms of his Last Will and Testament, additional annual compensation shall be paid the Trustee, the same to be determined on the basis of three-quarters of 1% of the fair and reasonable value of said additional property or securities as of the date they are received by the Trustee; that in the event the prevailing fee for such trust services in the City of Portland, Oregon, should be less than the amount above designated, the fee of the Trustee shall be fixed at the lower rate."

An addition was made to the trust which increased the trustee's compensation to $147.50. Plaintiff introduced evidence to show that the annual cost of administering

the trust is $347.00. The evidence is undisputed that the lowest fee charged by any trust company in Oregon is one half of one percent which, if applied to the trust in question, would call for a fee of $350.00.

Finding its compensation inadequate, plaintiff seeks to have the compensation increased or, in the alternative, to be permitted to resign as trustee. Resignation of the trustee is provided for under Article V, Section (3) of the trust, which reads in part as follows:

"* * * [I]f for any reason the Trustee or its successor as above defined should become unable or incapable of acting hereunder or should, for any reason, desire not to act further, application may be made to any court having probate jurisdiction in Multnomah County, Oregon, and after the giving of such notice as the court may prescribe to the then existing beneficiaries, said court shall have jurisdiction and authority to appoint and designate a Successor Trustee which in its opinion is competent and well qualified to carry out the terms of this trust agreement, and the court shall retain jurisdiction until such time as the Successor Trustee is fully vested with title to all the assets of the trust."

■ The trial court construed the foregoing provision as giving the trustee the authority to resign at his own pleasure. Defendants contend that the provision does not empower the trustee to resign but only authorizes it to initiate procedure which may or may not result in court authorization to resign. Defendants argue that the trust provision conditions the power to resign upon finding a successor who will charge the rate specified in the trust and that if no other trustee will serve at that rate the existing trustee must continue to serve at the specified rate.

We are of the opinion that the trial court's con-

struction of the clause as giving the trustee the authority to resign at his own pleasure is the more reasonable. The application which the clause requires the trustee to make to the court we construe not to be an application to resign, but rather an application to have a successor appointed. As such, we regard this provision as having been intended simply to vest the court rather than the trustee with the authority to select a successor and to provide an orderly procedure for the transfer of the administration of the trust from one person to another. In this respect, this clause merely adopts one of the well-recognized methods of insuring continuity which is essential to the administration of trusts.

■ Defendants argue that a trustee having accepted a trust may not, through his own act alone, divest himself of the office or its responsibility. This is true, of course, and the principle properly controls the cases relied on by defendants where no trust provision permitting the trustee to resign at his own pleasure is present.[1] But where, as here, the trust does give the trustee such authority, the court cannot prohibit him from exercising it.[2]

■ Plaintiff's petition for relief was in the alternative, asking either that its compensation be increased or that it be permitted to resign. The trial court granted the first alternative, retaining plaintiff as trustee and increasing its compensation as prayed for

---

[1] Anderson v. Robinson, 57 Or 172, 109 P 1118, 110 P 975 (1910); In re Loree's Trust Estate, 24 NJ Super 604, 95 A2d 435 (1953); Empire Trust Company v. Sample, 50 NYS2d 5 (1944); Bogert, Trusts and Trustees, § 511 (2d ed 1946); II Scott on Trusts, § 106 (3d ed 1967).

[2] Restatement of Trusts, § 106 (1935); II Scott on Trusts, § 106.2. Cf., Bogert, Trusts and Trustees, § 515 (2d ed 1946).

in its complaint which, the court found, was less than the compensation received by other corporate trustees who testified in the case. We think this is a reasonable and equitable solution of the problem.

The decree of the trial court is affirmed.

TONGUE, J., specially concurring.

I concur in the holding that the bank had the right to resign as trustee. I concur in the approval of the increase in the rate of compensation to the bank, however, only because, according to the majority, that increased rate of compensation "was less than the compensation received by other corporate trustees who testified in the case." Thus, it appears that it would be impossible or impracticable to find another qualified banking institute to act as trustee for that rate of compensation, with the result that the trust would otherwise fail for lack of a trustee unless another bank were appointed as trustee at a greater cost to the trust. Cf. Restatement of Trusts (2d) 607-608, § 242, Comment (f).